IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02034-WJM-MEH

ALFONSO A. CARRILLO,
AUGUSTIN TELLES,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
SERGIO SARMIENTO,
MARIA SARMIENTO,
VERONICA FERNANDEZ BELETA,
JOSE LEYVA CARAVEO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JOSE SARMIENTO,
JUAN PABLO REYES,
SERGIO IBARRA,
MARIA SUSANA IBARRA,
TERESA MONGE,
RUDY BREDA,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
ELVA MENDOZA,
JAVIER MENDOZA,
JOSE A. URENA-SANTOS,
JESUS SANDOVAL,
MARIAM BURCIAGA,
WILLIAM CRISTO SANTOS,
JUAN VASQUEZ,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
MARIA DE LOS ANGELES ARAIZA,
MARIA DE JESUS ARAIZA,
EMA ORTIZ,
LUIS CARLOS ESPINOZA-LOPEZ,
JULIO ARREGUIN,
AVARO NUNEZ,
ALEJANDRO ARAIZA,
JOSE CASTILLO,

MARIA L. SOLIS,
NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
ADRIANA PADILLA,
NANCY RAMIREZ,
OSBALDO VELEZ,
JORGE RUBALCAVA GALINDO,
BEATRIZ MANRIQUEZ,
ALEJANDRO GARCIA,
CLAUDIA OROZCO MOLINA,
JOSE M. VELASQUEZ,

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, the Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS (sic), Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
MITCHELL MORRISSEY, in his official capacity as Second Judicial District Attorney,
DON QUICK, in his official capacity as 17th Judicial District Attorney,
CAROL CHAMBERS, in her official capacity as 18th Judicial District Attorney,
RODNEY JOHNSON, in his official capacity as elected Grand County Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff,
TOM DELAND, in his official capacity as Broomfield Chief of Police,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 4, 2012.**

    Before the Court are Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [filed August 3, 2012; docket #3], Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [filed August 6, 2012; docket #4], and Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [filed

August 9, 2012; docket #8]. Judge Martinez denied Plaintiffs' requests for temporary restraining orders and held in abeyance any requests for preliminary injunction "until the motion is fully briefed." *See* dockets ##5, 10. In fact, Fed. R. Civ. P. 65(a)(1) provides, "[t]he court may issue a preliminary injunction only on notice to the adverse party."

However, none of the motions listed herein contains a certificate of service as required by Fed. R. Civ. P. 5(d)(1) and D.C. Colo. LCivR 5.1G. Further, there is no indication in the motions themselves that Plaintiffs notified Defendants regarding their requests, or served (or attempted to serve) copies of the motions upon the Defendants. D.C. Colo. LCivR 7.1A provides,

> The court will not consider ***any motion***, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). Therefore, the motions for preliminary injunction are **denied without prejudice** for failure to comply with applicable federal and local rules.

3