IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02034-WJM-MEH

ALFONSO A. CARRILLO,
AUGUSTIN TELLES,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
SERGIO SARMIENTO,
MARIA SARMIENTO,
VERONICA FERNANDEZ BELETA,
JOSE LEYVA CARAVEO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JOSE SARMIENTO,
JUAN PABLO REYES,
SERGIO IBARRA,
MARIA SUSANA IBARRA,
TERESA MONGE,
RUDY BREDA,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
ELVA MENDOZA,
JAVIER MENDOZA,
JOSE A. URENA-SANTOS,
JESUS SANDOVAL,
MARIAM BURCIAGA,
WILLIAM CRISTO SANTOS,
JUAN VASQUEZ,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
MARIA DE LOS ANGELES ARAIZA,
MARIA DE JESUS ARAIZA,
EMA ORTIZ,
LUIS CARLOS ESPINOZA-LOPEZ,
JULIO ARREGUIN,

AVARO NUNEZ,
ALEJANDRO ARAIZA,
JOSE CASTILLO,
MARIA L. SOLIS,
NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
RUBEN PADILLA,
ADRIANA PADILLA,
JANET VALERA,
NANCY RAMIREZ,
OSBALDO VELEZ,
JORGE RUBALCAVA GALINDO,
BEATRIZ MANRIQUEZ,
ALEJANDRO GARCIA,
CLAUDIA OROZCO MOLINA,
JOSE M. VELASQUEZ, and
JUAN DE DIOS MUNOZ GONZALEZ,

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, the Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS (sic), Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
MITCHELL MORRISSEY, in his official capacity as Second Judicial District Attorney,
DON QUICK, in his official capacity as 17th Judicial District Attorney,
CAROL CHAMBERS, in her official capacity as 18th Judicial District Attorney,
RODNEY JOHNSON, in his official capacity as elected Grand County Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff,
TOM DELAND, in his official capacity as Broomfield Chief of Police,

    Defendants.

# AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to the following Plaintiffs' failure to appear at the Status Conference held on October 17, 2012 and failure to respond to this Court's October 18, 2012 Order to Show Cause:

1. Augustin Telles
2. Sergio Sarmiento
3. Maria Sarmiento
4. Veronica Fernandez Beleta
5. Jose Leyva Caraveo
6. Jose Sarmiento
7. Sergio Ibarra
8. Maria Susana Ibarra
9. Rudy Breda
10. Elva Mendoza
11. Javier Mendoza
12. Jesus Sandoval
13. Mariam Burciaga
14. Juan Vasquez
15. Maria De Los Angeles Araiza
16. Maria De Jesus Araiza
17. Ema Ortiz
18. Luis Carlos Espinoza-Lopez
19. Alejandro Araiza
20. Jose Castillo
21. Juan De Dios Munoz Gonzalez
22. Maria Solis
23. Nancy Ramirez
24. Osbaldo Velez
25. Jorge Rubalcava Galindo
26. Beatriz Manriquez
27. Alejandro Garcia

---

[1]This Amended Recommendation is meant to supercede the Recommendation previously filed on November 6, 2012 (docket #45), and is amended only to omit one Plaintiff from the list of those recommended for dismissal, Hugo Pacheco.

The Court recommends that, for the reasons stated herein, the claims purportedly brought by the above-listed Plaintiffs be **dismissed without prejudice**.[2]

## BACKGROUND

This action was initiated by the Plaintiffs, proceeding *pro se*, on August 3, 2012. On the same day, the Plaintiffs filed a motion for injunctive relief, and on August 6, 2012 and August 9, 2012, the Plaintiffs filed two additional motions for preliminary injunctive relief. Judge Brimmer denied the Plaintiffs' requests for temporary restraining orders and, having no indication that the Defendants were notified of the motions or that the motions were actually served on the Defendants, this Court denied Plaintiffs' motions for preliminary injunction without prejudice. Meanwhile, on August 14, 2012, the Court issued an order setting a Status Conference in this case for October 17, 2012. The order was mailed to each Plaintiff; however, several mailings were returned as "undeliverable."

At the Status Conference, the Plaintiffs who appeared informed the Court that they had not yet served the Defendants. The Court instructed the Plaintiffs to serve the summons and Complaint

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

on each Defendant on or before November 30, 2012, and further explained that the Court would issue an order requiring the absent Plaintiffs to respond and explain their absences.

On October 18, 2012, the Court issued an Order to Show Cause why the absent Plaintiffs' claims should not be dismissed for their failure to prosecute the case. Docket #33. The Court ordered that the absent Plaintiffs respond in writing on or before November 1, 2012, and warned the absent Plaintiffs that failure to comply would result in a recommendation to dismiss their claims. Of the 33 absent Plaintiffs, only five responded to the order in a timely manner.

## DISCUSSION

Although Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of prosecuting this case with due diligence. By order of this Court, the Plaintiffs were to appear at a Status Conference on October 17, 2012; however, the 28 Plaintiffs listed herein did not appear. Additionally, there was no request for a continuance of the conference. Furthermore, the listed Plaintiffs failed to respond to this Court's order to show cause. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same orders and rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file

a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that the Defendants have not yet suffered any prejudice by the absence of certain Plaintiffs, since the Defendants have not yet been served in this case. However, the second factor weighs in favor of dismissal; these Plaintiffs' absence, lack of response to this Court's orders and failure to participate have interfered with the judicial process in that the Court has been unable to move this case along and institute the scheduling of discovery.

Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, regarding the third factor, the absent Plaintiffs have provided no justification for their failures to respond to Court orders and to participate in the litigation; their culpability is evident. In fact, six of the 28 listed Plaintiffs did not sign the Complaint as required by Fed. R. Civ. P. 11.[3] Regarding the fourth factor, the absent Plaintiffs were warned in the Order to Show Cause that the Court would recommend dismissal for their failure to prosecute; yet, they made no response.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

## CONCLUSION

Weighing the *Ehrenhaus* factors, the Court concludes that dismissal of the absent Plaintiffs' claims without prejudice is the appropriate result. Based on the foregoing and the entire record

---

[3] The six absent Plaintiffs who failed to sign the Complaint are Augustin Telles, Veronica Fernandez Beleta, Jose Leyva Caraveo, Jose Sarmiento, Rudy Breda, and Juan De Dios Munoz Gonzalez. *See* Complaint, docket #1.

herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss without prejudice the claims brought by the Plaintiffs listed herein for these Plaintiffs' failure to prosecute this action.

Dated this 20th day of November, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge