IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02034-WJM-MEH

ALFONSO A. CARRILLO,
AUGUSTIN TELLES,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
SERGIO SARMIENTO,
MARIA SARMIENTO,
VERONICA FERNANDEZ BELETA,
JOSE LEYVA CARAVEO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JOSE SARMIENTO,
JUAN PABLO REYES,
SERGIO IBARRA,
MARIA SUSANA IBARRA,
TERESA MONGE,
RUDY BREDA,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
ELVA MENDOZA,
JAVIER MENDOZA,
JOSE A. URENA-SANTOS,
JESUS SANDOVAL,
MARIAM BURCIAGA,
WILLIAM CRISTO SANTOS,
JUAN VASQUEZ,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
MARIA DE LOS ANGELES ARAIZA,
MARIA DE JESUS ARAIZA,
EMA ORTIZ,
LUIS CARLOS ESPINOZA-LOPEZ,
JULIO ARREGUIN,
AVARO NUNEZ,
ALEJANDRO ARAIZA,
JOSE CASTILLO,
MARIA L. SOLIS,

NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
RUBEN PADILLA
ADRIANA PADILLA,
JANET VALERA
NANCY RAMIREZ,
OSBALDO VELEZ,
JORGE RUBALCAVA GALINDO,
BEATRIZ MANRIQUEZ,
ALEJANDRO GARCIA,
CLAUDIA OROZCO MOLINA,
JOSE M. VELASQUEZ, and
JUAN DE DIOS MUNOZ GONZALEZ,

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, the Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS (sic), Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
MITCHELL MORRISSEY, in his official capacity as Second Judicial District Attorney,
DON QUICK, in his official capacity as 17th Judicial District Attorney,
CAROL CHAMBERS, in her official capacity as 18th Judicial District Attorney,
RODNEY JOHNSON, in his official capacity as elected Grand County Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff,
TOM DELAND, in his official capacity as Broomfield Chief of Police,

    Defendants.

## ORDER ON MOTION TO STAY

    Plaintiffs, proceeding *pro se*, have filed a Motion for Stay of State Proceedings [filed November 19, 2012; docket #68], which the Court construes as a request for temporary restraining

2

order and/or preliminary injunction pursuant to Fed. R. Civ. P. 65. In the motion, certain of the Plaintiffs seek an order enjoining criminal and foreclosure proceedings in several different state courts.

Upon review of the document, the Court finds that Plaintiffs have neglected to abide by Fed. R. Civ. P. 11, 65 and the applicable Local Rule of the District of Colorado, D.C. Colo. LCivR 65.1. First, Rule 11 provides that in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

Here, in contravention of Rule 11, Plaintiff Julio Arreguin did not sign the motion. In addition, a non-party, Janet Pina,[1] improperly signed the motion and seeks relief.

Second, Rule 65(b) states, in pertinent part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (1) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs have made no indication to the court that they have given advance notice or attempted to give advance notice to the Defendants of the present motion. Rather, a Certificate of Mailing is attached to the motion listing the Defendants to whom the motion was mailed on November 19, 2012.[2] The Court notes that, on the same date, Plaintiffs filed returns of service for some, but not all, Defendants.

---

[1] Ms. Pina attempted to enter the case as a Plaintiff by filing a "Notice to Amend Additional Plaintiffs" (docket #52); however, the Court construed the notice as a motion and denied it without prejudice for Ms. Pina's failure to comply with Fed. R. Civ. P. 15.

[2] The Certificate of Mailing indicates that only the motion, and no other filings or pleadings, was mailed to Defendants.

3

Furthermore, with regard to *ex parte* applications, Local Rule 65.1(A) provides that a motion shall be accompanied by a certificate of counsel or a *pro se* party attesting that (1) actual notice of the time of filing the motion, and copies of all pleadings and papers filed in the action to date have been furnished to the adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. D.C. Colo. LCivR 65.1A ("Except in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order."). Here, the Plaintiffs have failed to certify their attempts to furnish pleadings and/or confer with the Defendants. Further, the Plaintiffs have failed to file a proposed order pursuant to Local Rule 65.1B and an information sheet pursuant to Local Rule 65.1C. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Accordingly, Plaintiffs' Motion for Stay of State Proceedings [filed November 19, 2012; docket #68] is **denied without prejudice**.

DATED this 20th day of November, 2012, in Denver, Colorado.

                                        BY THE COURT:

                                        */s/ Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge