**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2034-WJM-MEH

ALFONSO A. CARRILLO,
AUGUSTIN TELLES,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
SERGIO SARMIENTO,
MARIA SARMIENTO,
VERONICA FERNANDEZ BELETA,
JOSE LEYVA CARAVEO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JOSE SARMIENTO,
JUAN PABLO REYES,
SERGIO IBARRA,
MARIA SUSANA IBARRA,
TERESA MONGE,
RUDY BREDA
JORGE RAMIREZ
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
ELVA MENDOZA,
JAVIER MENDOZA,
JOSE A. URENA-SANTOS,
JESUS SANDOVAL,
MARIAM BURCIAGA,
WILLIAM CRISTO SANTOS,
JANET VALARA,
JUAN VASQUEZ,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
MARIA DE LOS ANGELES ARAIZA,
MARIA DE JESUS ARAIZA,

EMA ORTIZ,
LUIS CARLOS ESPINOZA-LOPEZ,
JULIO ARREGUIN,
AVARO NUNEZ,
ALEJANDRO ARAIZA,
JUSE CASTILLO,
MARIA L. SOLIS,
NOHELIA, JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
ADRIANA PADILLA,
NANCY RAMIREZ,
OSBALDO VELEZ,
JORGE RUBALCAVA GALINDO,
BEATRIZ MANRIQUEZ,
ALEJANDRO GARCIA,
CLAUDIA OROZCO MOLINA,
JOSE M. VELASQUEZ,
JUAN DE DIOS MUNOZ GANZALES, and
RUBEN PADILLA

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor
JOHN W. SUTTERS, Colorado Attorney General,
ELIZABETH OLDHAM,
MITCHELL MORRISSEY,
DON QUICK,
CAROL CHAMBERS,
RODNEY JOHNSON,
TED MINK,
FRANK THOMAS,
SHERIFF DEPARTMENT,
DOUGLAS N. DARR, and
TOM DELAND

    Defendant.

**ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION
FOR INJUNCTIVE RELIEF AGAINST STATE CRIMINAL AND
CIVIL PROCEEDINGS AFFECTING PLAINTIFFS**

Before the Court is Plaintiffs' "Unopposed[1] Emergency Motion for Reconsideration for Injunctive Relief Against State Criminal and Civil Proceedings Affecting Plaintiffs on this Action" ("Motion"). (ECF No. 111.) For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARD

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court must construe Plaintiffs' Motion liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

---

[1] Plaintiffs claim that the Motion is "unopposed" but admit that they were unable to get in contact with any of the Defendants to get their position on the Motion. (ECF No. 111 at 3, 22.)

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## II. ANALYSIS

Plaintiffs, who are all Hispanic, have provided the Court with a list of criminal and civil proceedings that have been brought against them in the Colorado State Courts. (ECF No. 111 at 18-19.) Plaintiffs allege that, in the civil proceedings, they are being wrongfully evicted from properties in favor of Anglo homeowners. They also contend that, in the criminal proceedings, they are being wrongfully prosecuted in favor of Anglo property owners. (ECF No. 111 at 6.) In the Motion, Plaintiffs ask the Court to enjoin these state court proceedings until this civil action has been resolved. (*Id*. at 11-13.)

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41. The holding of *Younger* has been extended to require abstention in cases seeking to enjoin state civil proceedings. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32 (1982) ("[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."); *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11-12 (1987) ("This concern mandates application of *Younger* abstention not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between

4

the States and the National Government").

The Supreme Court has established a threefold analysis for questions of abstention under *Younger*. A federal district court must abstain if (1) there is an ongoing state judicial proceeding (2) which implicates important state interests and (3) in which there is an adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Committee*, 457 U.S. at 431-32.

Applying this analysis to the present case, it is clear that the Court cannot grant Plaintiffs the relief they request. As Plaintiffs ask the Court to intervene in both state court civil and criminal matters, it is obvious that there are ongoing state proceedings. The civil proceedings involve real property, an area which implicates important state interests. *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at *3 (D. Colo. May 7, 2007) ("Actions that challenge the Rule 120 [foreclosure] order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law."). The ongoing criminal actions involve violations of Colorado state laws, which the State of Colorado has an obvious interest in enforcing. Finally, Plaintiffs have failed to show that there is not an adequate opportunity to raise any constitutional challenge in these state proceedings.

Accordingly, the Court finds that *Younger* mandates that Plaintiffs' Motion be denied.

### III.  CONCLUSION

For the reasons set forth below, Plaintiffs' "Unopposed Emergency Motion for Reconsideration for Injunctive Relief Against State Criminal and Civil Proceedings Affecting Plaintiffs on this Action" is DENIED.

Dated this 13th day of December, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge
