IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02034-WJM-MEH

ALFONSO A. CARRILLO,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JUAN PABLO REYES,
TERESA MONGE,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
JOSE A. URENA-SANTOS,
WILLIAM CRISTO SANTOS,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
JULIO ARREGUIN,
AVARO NUNEZ,
NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
RUBEN PADILLA,
ADRIANA PADILLA,
JANET VALERA,
CLAUDIA OROZCO MOLINA, and
JOSE M. VELASQUEZ,

      Plaintiffs,

v.

JOHN W. HICKENLOOPER, the Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS (sic), Colorado Attorney General, in his official capacity as elected Colorado Attorney General,

ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
MITCHELL MORRISSEY, in his official capacity as Second Judicial District Attorney,
DON QUICK, in his official capacity as 17th Judicial District Attorney,
CAROL CHAMBERS, in her official capacity as 18th Judicial District Attorney,
RODNEY JOHNSON, in his official capacity as elected Grand County Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff,
TOM DELAND, in his official capacity as Broomfield Chief of Police,

      Defendants.

## ORDER ON MOTION TO STAY PROCEEDINGS

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is an unopposed Motion to Stay All Proceedings filed by Defendants John Hickenlooper and John Suthers [filed December 31, 2012; docket #159]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #162]. The Plaintiffs have taken no position on this specific motion, but have previously filed their own requests to stay proceedings; therefore, the Court construes the motion as unopposed. For the reasons that follow, the Court **grants** the motion.

**I.**    **Background**

This action was initiated by the Plaintiffs, proceeding *pro se*, on August 3, 2012. On November 19, 2012, Plaintiffs filed proof of service of a summons and Complaint upon Defendants Suthers and Hickenlooper on November 14, 2012; thereafter, these Defendants filed a motion to dismiss the operative Complaint on December 20, 2012. Among other defenses, Defendants argue they are entitled to sovereign immunity from Plaintiffs' claims for monetary damages and injunctive relief for past conduct pursuant to the Eleventh Amendment. Then, on December 31, 2012, Defendants filed the present motion seeking a stay of all proceedings involving them pending

resolution of their motion to dismiss. Defendants claim that a temporary stay pending resolution of the motion to dismiss is appropriate to "determine issues regarding immunity before reaching any other substantive issues." Motion, docket #159 at 4.

Although provided the opportunity to do so, Plaintiffs did not file a response to the motion; however, the Plaintiffs have twice sought to stay all proceedings in this case, but the motions were denied for procedural deficiencies. Therefore, the Court construes the present motion as unopposed by the Plaintiffs.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burden of discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted) (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."). The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In this case, all Defendants who have appeared have filed motions to dismiss the Plaintiffs' claims. Those motions have not yet been fully briefed. Thus, while only two Defendants seek a stay of proceedings in this matter, in weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay of all proceedings in this case is appropriate pending resolution of the motions to dismiss.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward with the litigation. However, the Plaintiffs have neither objected to Defendants' request nor taken any position on it. Defendants' motion to dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, and such question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Thus, to the extent that Plaintiffs have any interest in proceeding expeditiously, the Court finds such interest is offset by Defendants' burden to proceed with discovery.

As for the third factor, the Court finds that allowing discovery to continue in this matter against the remaining Defendants would not serve the interests of judicial economy and efficiency. Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendants make no argument concerning the interests of non-parties or the public and, thus, the Court perceives minimal effect, if any, resulting from of a temporary stay of these proceedings. Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of proceedings in this case is proper pending resolution

of the Defendants' motions to dismiss.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the unopposed Motion to Stay All Proceedings filed by Defendants John Hickenlooper and John Suthers [filed December 31, 2012; docket #159] is **granted**.  A temporary stay of the proceedings is hereby imposed pending resolution of the motions to dismiss filed in this case.  The Defendants shall file a status report within five (5) days of any order resolving their motions to dismiss.

Dated at Denver, Colorado, this 4th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge