IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02034-WJM-MEH

ALFONSO A. CARRILLO,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JUAN PABLO REYES,
TERESA MONGE,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
JOSE A. URENA-SANTOS,
WILLIAM CRISTO SANTOS,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
JULIO ARREGUIN,
AVARO NUNEZ,
NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
RUBEN PADILLA,
ADRIANA PADILLA,
JANET VALERA,
CLAUDIA OROZCO MOLINA, and
JOSE M. VELASQUEZ,

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, the Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS (sic), Colorado Attorney General, in his official capacity as elected Colorado Attorney General,

ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
MITCHELL MORRISSEY, in his official capacity as Second Judicial District Attorney,
DON QUICK, in his official capacity as 17th Judicial District Attorney,
CAROL CHAMBERS, in her official capacity as 18th Judicial District Attorney,
RODNEY JOHNSON, in his official capacity as elected Grand County Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff,
TOM DELAND, in his official capacity as Broomfield Chief of Police,

Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiffs' Emergency Motion for Reconsideration for Appointment of Counsel Pursuant [to] 42 U.S.C. § 3613(b)(1)(2), 42 U.S.C. § 1983 and for Stay of All Proceedings [filed January 31, 2013; docket #191]. Although the Plaintiffs state that they seek "reconsideration" of a previous order that was denied without prejudice, the Plaintiffs provide new information in the present motion; therefore, the Court will construe the motion as "renewed."

First, the Plaintiffs assert that, although they are unable to procure the signatures of all Plaintiffs on the motion, the Plaintiffs each provided Plaintiff Alfonso Carrillo with a power of attorney and deem him their "agent" for purposes of this litigation. Thus, for the present motion, Mr. Carrillo signed on behalf of 14 of the 34 Plaintiffs.[1]  *See* Motion, docket #191 at 6-9.

---

[1] Furthermore, the motion improperly omits signatures by Plaintiffs Teresa Monge and Jorge Ramirez, but is signed by 40 individuals although there are only 34 Plaintiffs. The additional individuals are persons who improperly "noticed" or "moved" to be added as Plaintiffs, but were denied without prejudice for failure to comply with Fed. R. Civ. P. 15 [dockets #50, #56, #57,]: Candelario Mascorro, Martha Velia De Mascorro, Luis Gutierrez, Consuelo Simental, Janett Pina, Ramon Chavez, and Maria Pastrana. This is at least the third time the Court has informed the Plaintiffs that these individuals are not, nor will be, parties in this case absent a proper amendment to the operative Complaint. Finally, the motion is signed by an individual, Miguel Cisneros, who

The rule governing the execution of motions and other papers in this Court, Fed. R. Civ. P. 11(a), states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Plaintiffs' assertion in this matter is similar to an argument made in *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892, at *11 (W.D. Wis. Aug. 24, 2001), in which the plaintiffs filed a motion seeking an order accepting the delegation through a power of attorney of each plaintiff's signature to one plaintiff. The court in that case cited Fed. R. Civ. P. 11(a) to conclude:

> Plaintiff Johnson does not allege that he is an attorney but rather that all plaintiffs agree to grant him power of attorney to sign in their place. Nevertheless, Rule 11(a) does not make any exceptions to the requirement that "the party" must sign all pertinent documents submitted to the court. In this case, plaintiffs chose to file their lawsuit together. Therefore, "the party" consists of [the named plaintiffs], each of whom must sign any document filed with the court that pertains to him. Although this procedure may be burdensome under the circumstances ..., it is the only way to assure that each plaintiff consented to the filing of certain documents on his behalf.

*Id.*; *see also United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *2 (D. Neb. Oct. 23, 2007) (declining to accept motion signed by non-party with "power of attorney" finding there was no indication of incapacity and no assurance that the statements and arguments made were those of the party); *Laurie v. Maxwell*, No. CV-08-004-BLG-RFC, 2008 WL 894408, at *1 (D. Mont. Apr. 1, 2008) (finding that non-party who signed motion with "power of attorney" was not licensed to practice law and could not file actions, sign pleadings for or act on behalf of the plaintiff, even with a power of attorney).

This Court agrees with the reasoning of the above-cited opinions. The Plaintiffs chose to initiate this litigation together. Also, there is no showing of incapacity and no indication that each

---

is neither named as a Plaintiff in this action nor has attempted to be added to the action.

Plaintiff has an inability to prepare, sign and file their own legal documents. Furthermore, as set forth in *Brenton*, "the Court will not enable a third party to participate in the unauthorized practice of law." 2007 WL 3124539 at *2. Therefore, the Court rejects Plaintiffs' attempt to seek relief by filing a motion signed by one Plaintiff on behalf of 14 Plaintiffs, and warns the Plaintiffs that any further filings in derogation of this order will be stricken in accordance with Rule 11(a).

Further, although the Court need not address the content of the motion, the Plaintiffs here request appointment of counsel, in part due to their apparent inability to procure the signatures of all Plaintiffs on each motion. Because this request relates somewhat to the Court's order concerning signatures, the Court will address Plaintiffs' request.

Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991). However, civil litigants enjoy no constitutional right to an attorney, *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam), and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams*, 926 F.2d at 996). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was

4

confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, the Plaintiffs have not sought to proceed *in forma pauperis*; therefore, the Court has had no means to determine whether they are indigent. Also, Plaintiffs have not submitted any financial affidavit or other evidence demonstrating their indigency, if any. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. Mar. 10, 2009) (finding that trial court was not required to appoint counsel based in part upon plaintiffs' failure to demonstrate indigency by not submitting financial affidavit). Moreover, Plaintiffs' filings to date indicate that they have a firm grasp of the facts and issues in this case, and are capable of presenting the case. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze at this early stage of the litigation. Plaintiffs do not contend that they experience any of the special circumstances set forth in *McCarthy v. Weinberg*, *supra*. Additionally, the record bears no indication that Plaintiffs have made efforts to obtain private counsel for themselves, other than conclusory statements that "a conspiracy exists" preventing or interfering with Plaintiffs' attempt to retain legal counsel. Motion, docket #182 at 2.

Accordingly, the Plaintiffs' Emergency Motion for Reconsideration for Appointment of Counsel Pursuant [to] 42 U.S.C. § 3613(b)(1)(2), 42 U.S.C. § 1983 and for Stay of All Proceedings [filed January 31, 2013; docket #191] is **denied** as set forth herein.

DATED this 4th day of February, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5