# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 12-cv-2034-WJM-MEH

ALFONSO A. CARRILLO,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JUAN PABLO REYES,
TERESA MONGE,
JORGE RAMIREZ,
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
JOSE A. URENA-SANTOS,
WILLIAM CRISTO SANTOS,
JANET VALARA,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
JULIO ARREGUIN,
AVARO NUNEZ,
NOHELIA JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A PACHECO,
SONIA LOPEZ,
ADRIANA PADILLA,
CLAUDIA OROZCO MOLINA, and
JOSE M. VELASQUEZ,

     Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor
JOHN W. SUTTERS, Colorado Attorney General,

ELIZABETH OLDHAM,
DON QUICK,
RODNEY JOHNSON,
TED MINK,
FRANK THOMAS,
SHERIFF DEPARTMENT,
DOUGLAS N. DARR,
TOM DELAND,
GLEN TRAINOR, and
GEORGE BRAUCHLER,

      Defendants.

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION AND BRIEF FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, FOR CLARIFICATION AND FORTHWITH IN PERSON AND TELEPHONE *EX PARTE* OR ALTERNATIVE EVIDENTIARY HEARING

Before the Court is Plaintiffs' "Emergency Motion and Brief for Preliminary and Permanent Injunctive Relieff [sic], for Clarification and Forthwith In Person and Telephone *Ex Parte* or Alternative Evidentiary Hearing" ("Motion"). (ECF No. 242.) For the reasons set forth below, the Motion is denied.

### I. LEGAL STANDARD

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater*

*Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court must construe Plaintiffs' Motion liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## II.  ANALYSIS

Plaintiffs, who are all Hispanic, allege that the criminal prosecutions being brought against seven of them by the State of Colorado are fabricated and are being pursued based solely on their race. (ECF No. 242 at 8-10.) Plaintiffs cite federal hate crimes statutes and point to a number of cases in which African-American individuals have been wrongfully convicted of crimes in support of their argument that they are being subjected to race-based persecution. (*Id*. at 10-11.) The relief Plaintiffs seek is not clear but it appears that they are asking this Federal Court to stop the ongoing criminal prosecutions. (*Id*. at 11.)

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that a district court's injunction of a pending state court criminal prosecution violated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41. The Supreme Court has established a threefold analysis for questions of abstention under *Younger*. A federal district court must abstain if (1) there is an ongoing state judicial proceeding (2) which implicates important state interests and (3) in which there is an adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Committee*, 457 U.S. at 431-32.

Applying this analysis to the present case, it is clear that the Court cannot grant Plaintiffs the relief they request.  There is an ongoing criminal prosecution against seven of the Plaintiffs.  (ECF No. 242 at 11.)  This criminal action involves violations of Colorado state laws, which the State of Colorado has an obvious interest in enforcing.  Finally, Plaintiffs have failed to show that there is not an adequate opportunity to raise any constitutional challenge in these state court proceedings.  Accordingly, the Court finds that *Younger* mandates that Plaintiffs' Motion be denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' "Emergency Motion and Brief for Preliminary and Permanent Injunctive Relieff [sic], for Clarification and Forthwith In Person and Telephone *Ex Parte* or Alternative Evidentiary Hearing" is DENIED WITH PREJUDICE.  Plaintiffs shall not file another motion asking the Court to intervene in the ongoing state court proceedings.

Dated this 24th day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge