**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02034-RM-MEH

ALFONSO A. CARRILLO,
RAYMUNDO CASTILLO,
MARGARITA GARCIA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
GERMAN JASSO BRUNO,
LAURA PATRICIA GUTIERREZ-VITE,
JOSE OROZCO,
MARIA ELENA CARRILLO,
ANA L. CHAVEZ,
DANIEL ORTIZ,
JUAN PABLO REYES,
TERESA MONGE,
JORGE RAMIREZ
MARTHA ESQUIVEL,
LUIS FIGUEROA,
MANUEL PACHECO,
JOSE A. URENA-SANTOS,
WILLIAM CRISTO SANTOS,
JANET VALARA,
SELVIN CARDOZA,
JESSICA ITURBE JAIME,
JULIO ARREGUIN,
AVARO NUNEZ,
NOHELIA, JIMENEZ,
ELIZABETH PADILLA,
MA. DEL ROSARIO URENA,
NORA G. GONZALEZ,
HUGO A. PACHECO,
SONIA LOPEZ,
ADRIANA PADILLA,
CLAUDIA OROZCO MOLINA, and
JOSE M. VELASQUEZ,

      Plaintiffs,

v.

JOHN W. HICKENLOOPER, The Honorable Governor in his official capacity as Colorado Governor,
JOHN W. SUTTERS, Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
ELIZABETH OLDHAM, in her official capacity as 14th Judicial District Attorney,
DON QUICK, 17th Judicial District Attorney in his official capacity as elected District Attorney,
RODNEY JOHNSON, Grand County Sheriff in his official capacity as elected Sheriff,
TED MINK, in his official capacity as elected Jefferson County Sheriff,
FRANK THOMAS, in his official capacity as Sheriff,
SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS N. DARR, in his official capacity as elected Adams County Sheriff Department, and
TOM DELAND, in his official capacity as Broomfield Chief of Police,

     Defendants.

# ORDER ADOPTING
# RECOMMENDATION OF MAGISTRATE JUDGE

     This matter is before the Court on the March 11, 2013 Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 218). The Recommendation addresses eight distinct motions to dismiss filed by various clusters of defendants as well as by persons referenced in the Complaint but not designated as parties. Magistrate Judge Hegarty recommended that the motions to dismiss, filed by the Defendants in this case, be granted, although not in each instance on all bases raised by Defendants. He also recommended that other motions, filed by certain individuals not named as Defendants in this case, be denied as moot. Finally, he recommended that Plaintiffs be allowed to file an amended complaint within thirty (30) days of the District Court's Order. As discussed below, the Court rules that the Recommendation is hereby ADOPTED and incorporated herein by reference, and all objections are hereby OVERRULED. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.     BACKGROUND**

Plaintiffs' claims stem out of the alleged attempts on the part of Defendants to prevent Plaintiffs from resisting foreclosure, and harassing Plaintiffs during their attempts to do so. The 38 page Complaint (exclusive of signatures) purports to be for both monetary and equitable relief and describes itself as arising out of civil rights violations and deprivation of various constitutional rights. While difficult to encapsulate due to the vague and meandering nature of much of the Complaint, the essence of the Complaint is that (1) changes were made to Colorado laws governing foreclosure proceedings, (2) the changes made it easier to foreclose on properties, (2) the changes were made both illegally and improperly, (4) Plaintiffs have sought to challenge foreclosures affecting them under the new law, and (5) Defendants have attempted to intimidate Plaintiffs or retaliate against them for resisting foreclosure by a wide range of conduct, including having one or more Plaintiffs arrested and charged in criminal court with violations of law. The Plaintiffs, calling themselves the Holders of Evidence of Apocryphal Transactions or the H.E.A.T. group, have thus filed their Complaint against a wide array of Colorado officials including the governor, prosecutors, and police.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b)(2) provides, "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Rule 72(b)(3) provides, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." An objection must be sufficiently specific so as to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties'

dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### III. DISCUSSION

The Court concludes that the Magistrate Judge's analysis was painstakingly thorough and sound, and that there is no clear error of law or abuse of discretion. No objections by Plaintiffs have been filed that require *de novo* review, either because the objections were not timely, were not specific, or both. Proper objections were filed by Defendants Morrissey, Chun, Geigle and Brauchler. The objections that were filed are each addressed briefly below.

*Partial Objection to the Recommendation (ECF No. 223)*

Plaintiffs filed a Partial Objection to the Recommendation on March 26, 2013 (ECF No. 223). In this Partial Objection, Plaintiffs opine about their attempts to obtain counsel, ask for more time to file additional objections, and "acknowledg[e…] Plaintiffs' need to amend their complaint, but without the protection Plaintiffs desperately needs, it only means greater exposure to further unconstitutional 'malicious prosecution' and 'abuse of process' by the State Defendants." (ECF No. 223 at 2-3.) While the Court is uncertain what Plaintiffs mean by this last statement, it is clear that it does not constitute a substantive objection to the Magistrate Judge's ruling, on either factual or legal grounds, and certainly does not meet the specificity requirement as outlined above. As for Plaintiffs' actual purported objections, I will take each in turn.

"Plaintiffs object to the withholding of the much needed and plentifully grounded preliminary injunction against civil (foreclosures and evictions) and criminal proceedings by the state Defendants…" (ECF No. 223 at 3.)  They object on three distinct grounds.

First, they object to the Magistrate Judge's reliance on the *Rooker-Feldman* Doctrine and *Younger* abstention, and cite *Exxon Mobil*'s narrowing of the first of those doctrines.  In response, the Court notes that Judge Hegarty's analysis of the *Rooker-Feldman* line of cases, a doctrine of limited scope which holds that federal review of state court judicial decisions may be obtained only in the United States Supreme Court unless Congress has specifically authorized it, actually concluded "that the *Rooker-Feldman* doctrine ***does not*** apply to bar the Plaintiffs' claims in this case." (ECF No. 218) (emphasis added).  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  It is unclear why Plaintiffs object, or would want to object, to that conclusion.  The *Younger* abstention dictates that federal courts should not interfere with state court proceedings by granting equitable relief that could adequately be sought before the state court.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Judge Hegarty construed Plaintiffs' pleadings liberally to interpret them as questioning the constitutionality of state statutes and/or rules, and found "that Younger abstention is premature at this stage of the litigation."  As this finding also worked in Plaintiffs' favor, and this Court agrees with Judge Hegarty's analysis, Plaintiffs' objections on this score, regardless of their intent, are overruled.

Second, Plaintiffs argue that the effect of the Magistrate Judge's ruling "is highly prejudicial as emboldens the state in their groundless and malicious prosecution and only encourages more retaliatory acts." (ECF No. 223 at 5.)  Finally, third, Plaintiffs argue that

"[w]ithout effective protection, as the one sought in a preliminary injunction the presumption of innocence is unfairly removed and the constitutional and civil rights are basically eliminated giving encouraging a prejudicial and vindictive series of acts by the State Defendants." (ECF No. 223 at 6.) Plaintiffs' objections, without specifically taking issue with any of the facts as presented by Judge Hegarty, assume and allege many other facts inappropriately, and are devoid of any real objection to Judge Hegarty's factual or legal analysis. In essence, Plaintiffs' objection is a request for the Court to impose much of the equitable relief requested in the Complaint while Plaintiffs prepare an amended complaint. Obviously, the Court cannot and will not do so in the context of a motion to dismiss.

*Plaintiff's Second Set of Filed Objections (ECF No. 227)*

On April 4, 2014, Plaintiffs filed an additional pleading containing objections. Although, as Defendants point out, Plaintiffs' second Objection to the Recommendation (ECF No. 227) is untimely, as it was filed approximately ten days after the deadline, given Plaintiffs' request for an extension in the first set of objections and in light of their *pro se* status, the Court is willing to entertain any and all substantive objections. However, the objections filed by Plaintiffs are both difficult to understand and nonspecific in nature. For instance, Plaintiffs object that Defendants "failed to lay the foundation to object or authenticate their request for dismissal…by not denying the validity of Plaintiffs' cause of action." (ECF No. 227.) What, specifically, in Magistrate Judge Hegarty's Recommendation they take issue with by this objection is impossible to discern. The remaining objections in this document are similarly nonspecific and/or incomprehensible. They object to "not protecting Plaintiffs as witnesses or victims," that dismissing their claims would be "unfairly prejudicial and badgering the witness(es)," and they object to the dismissal of

certain defendants "as all Defendants are equally charged and responsible (some at higher degrees than others), in the much larger conspiracy." (*Id.*) They object to dismissal of their substantive claims—for defective pleadings—as unfairly prejudicial as privilege and other claims have been asserted by various Defendants in discovery and, again, assert the need for protection from the Court before they can safely proceed. None of these, nor any of the other objections contained in ECF No. 227, with one exception, are specific enough on either a factual or legal basis to enable me to evaluate them thoroughly.

The one objection that is made that can be identified and properly understood as an objection is Plaintiffs' claim that the Eleventh Amendment does not extend to municipalities and thus, the Judge Hegarty's determination that it applied to District Attorney Brauchler, Oldham and Morrissey in their official capacities is erroneous as a matter of law. The Court has considered this objection *de novo*, and hereby overrules it. In Colorado, the district attorney is a state officer as a matter of Colorado law. *Romero v. Boulder County D.A.'s Office*, 87 Fed. Appx. 696, 698 (10th Cir. 2004).

***Objection from Defendants Morrissey, Chun, Geigle and Brauchler (ECF No. 226)***

Defendants Mitchell R. Morrissey, Dan Chun, Phillip Geigle and George H. Brauchler jointly submitted an Objection to the Recommendation. (ECF No. 226.) They assert that (1) "the Recommendation's providing the Plaintiffs with another opportunity to file an amended complaint is inappropriate and unwarranted under these circumstances" and (2) "Defendant Morrissey objects to the Recommendation's refusal to recommend dismissal of all claims against him." (ECF No. 226 at 1.)

As to the first argument, these Defendants base their position on two main assertions: first, that since the allegations against at least some of the Defendants arise out of the criminal prosecution of some of the Plaintiffs, "the entirety of the activities of these Defendants [District Attorneys and their staff] were prosecutorial in nature and therefore protected by absolute immunity." (ECF No. 226 at 3.) Second, that Plaintiffs have already unsuccessfully litigated prior cases in which the allegations were "remarkably similar" to the allegations made in the instant case. (*Id.*) The Court takes note of both of these assertions, but at this juncture refuses to look to other litigation outside the confines of the record to determine whether or not Plaintiffs' claims have the potential for merit, if pled properly.

Defendant Morrissey separately objects to the Recommendation's refusal to recommend dismissal of all claims against him. The Court disagrees with Defendant Morrissey's interpretation of the Recommendation. While it is true that the Recommendation did not extend prosecutorial immunity to an allegation of dissemination of false information to the press on December 5, 2011, it nonetheless granted the motion to dismiss the substantive claims alleged against him on other grounds. Defendant Morrissey presses the issue in that a dismissal based on immunity would be more beneficial than one based on other grounds. Accordingly, Defendant Morrissey asks the Court to review the immunity claim on the merits, asserting that a merits claim was raised in the motion to dismiss.

To the extent that Defendant Morrissey seeks to have the Court convert the motion to dismiss to a motion for summary judgment, the Court declines to do so. Given the Plaintiffs' *pro se* status, the 12(b)(6) motion's presentation of various forms of alternative relief resulting in a less-than-clear posture in terms of requesting a conversion to a Rule 56 motion, and Judge

Hegarty's decision to adopt the alternative of addressing the 12(b)(6) issue rather than "stay[ing] the case, pending discovery and determination of…qualified immunity," the Court overrules the objection.  The issue may, of course, be raised again if Plaintiffs choose to amend their Complaint to include a claim against Defendant Morrissey.

In sum, none of the Plaintiffs' objections alter this Court's agreement with Judge Hegarty's analysis—the objections presented by Plaintiffs consist of philosophical position statements, criticisms of the legal process more generally, or are largely too vague and nonspecific for the Court to assess them.  Defendants' objections do not suffer from these defects, but are nonetheless overruled after *de novo* consideration.

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 218) is ADOPTED in its entirety;

2. Plaintiffs' claims are dismissed in accordance with Judge Hegarty's Recommendation; and

3. Plaintiffs are granted leave to file an amended complaint within thirty (30) days of this Order.

DATED this 14th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge