**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02034-RM-MEH

ALFONSO A. CARRILLO,

    Plaintiffs,

v.

JOHN W. SUTTERS, Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
RICK RAEMISCH, in his individual and official capacities,
BOBBY BONNER, in his individual and official capacities,
MITCHELL MORRISSEY, in his individual and official capacity as Second Judicial District Attorney,
MORRIS B. HOFFMAN, Judge, in his official and representative capacities,
PHIL GEIGLE, in his individual and representative capacities,
DARRYL SHOCKLEY, in his individual and representative capacities,
DANIEL CHUN, in his individual and representative capacity as Denver D.A. detective,
BRAD UYAMURA, in his individual and representative capacity as Denver D.A. detective,
FRANK THOMAS, Sheriff, in his individual and official capacities,
GARY WILSON, in his individual and official capacities,
ELIAS DIGGINS, in his individual and official capacities,
DENVER SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS K. WILSON, in his individual and official capacities,
ELIZABETH PORTER-MERRILL, in her individual and official capacities,
NICHOLAS SARWAK, in his individual and official capacities,
DOUGLAS N. DARR, in his individual and official capacities,
CAROL CHAMBERS, in her individual and official capacities as 18th Judicial District Attorney,
GEORGE H. BRAUCHLER, in his individual and official capacities as 18th Judicial District Attorney,
TED MINK, in his individual and official capacities as elected Jefferson County Sheriff,

    Defendants.

---

**ORDER**

---

Plaintiff, a prisoner proceeding *pro se*, has sued numerous Colorado state employees, including several state sheriffs, district attorneys and detectives, and the public defenders assigned to represent him alleging numerous constitutional violations under the Civil Rights Act and various other violations of law. This matter is before the Court on the December 29, 2014 Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation," ECF No. 381), which addresses five distinct motions to dismiss filed by various clusters of defendants. (ECF Nos. 356, 358, 361, 362, 363.) Magistrate Judge Hegarty recommended that all Defendants in this action be dismissed and that Plaintiff be denied leave to file a second amended complaint. Plaintiff timely filed objections to the Recommendation (ECF Nos. 382, 383) and also filed a motion to strike the Recommendation (ECF No. 385) and another motion seeking this Court's review of the Recommendation under a *de novo* standard. (ECF No. 411, 412.) For the reasons explained below, the Court rules that the Recommendation is ADOPTED and incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and all of Plaintiff's claims are dismissed as against all Defendants. Plaintiff's Objections to the Recommendation are OVERRULED and Plaintiff's motion to strike the Recommendation and motion for *de novo* review of the Recommendation are both DENIED.

**I.      BACKGROUND**

This action initially began on August 3, 2012 when Plaintiff Alfonso Carillo ("Plaintiff") and 60 other plaintiffs, proceeding *pro se,* filed a Complaint (ECF No. 1) alleging generally that: "(1) changes were made to Colorado laws governing foreclosure proceedings, (2) the changes made it easier to foreclose on properties, [3] the changes were made both illegally and improperly, (4) Plaintiffs have sought to challenge foreclosures affecting them under the new

law, and (5) Defendants have attempted to intimidate Plaintiffs or retaliate against them for resisting foreclosure by a wide range of conduct, including having one or more Plaintiffs arrested and charged in criminal court with violations of law." (ECF No. 324, at 3.) After U.S. District Court Judge Martinez dismissed 27 of the original plaintiffs for failing to appear and prosecute the action (*see* ECF Nos. 45, 72, 160) and after various defendants filed motions to dismiss (ECF Nos. 85, 102, 109, 135, 142, 144, 145, 156) this Court issued an order on May 14, 2014 adopting Magistrate Judge Hegarty's recommendation (ECF No. 218), dismissing all of Plaintiffs' claims and granting leave to file an amended complaint. (ECF No. 324.)

After receiving several extensions, Plaintiff filed the First Amended Verified Complaint on August 20, 2014 on behalf of only himself. (ECF No. 342, the "Amended Complaint.") As with the initial Complaint, the Amended Complaint is difficult to summarize with precision due to its vague and meandering nature. Essentially, Plaintiff alleges that various state actors worked in conjunction with one another to retaliate against and prohibit Plaintiff from operating his business, America's Home Retention Services, Inc., in violation of his Constitutional rights. Plaintiff alleges that he operated this business to provide services as real estate consultant, civil rights advocate and fair housing coordinator to mainly Hispanic customers to retain, defend, protect and acquire real property and to oppose allegedly fraudulent and discriminatory mortgage loans. Plaintiff alleges that the following actions were taken by the Defendants and others to interrupt this business: James Wilder, an attorney who represented many of Plaintiff's customers in defending against foreclosure actions was allegedly pressured by "State" Defendants to stop taking cases from Plaintiff's clients; various banks, and the attorneys who represented those banks in foreclosure actions, persuaded the State Defendants to prosecute and stop Plaintiff from

challenging allegedly "false, robo-signed ownership papers"; several state sheriffs seized various properties throughout the state including those of Plaintiff's clients; various criminal actions and one civil action was commenced against Plaintiff where evidence was withheld; Plaintiff was "savagely" beaten by a "hit man" for refusing to accept a plea bargain; and Plaintiff was provided with ineffective assistance of his defense counsel, resulting in civil penalties and Plaintiff's improper incarceration.  The Amended Complaint alleges claims for violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff also challenges the constitutionality of Colo. Rev. Stat. § 38-38-101, et seq. on the grounds that this statute, by allowing banks to foreclose on properties without producing original evidence of a note, allegedly prohibits homeowners from raising constitutional claims or other defenses against foreclosure.  Plaintiff also asserts a claim for a violation of the Fair Housing Act (FHA), 42 U.S.C. §3617, against all "State" Defendants.  Plaintiff also purports to challenge "the unconstitutional application and enforcement of multiple state rules, civil and criminal statutes," the list of which is "too long to list or explain."

In response to the Amended Complaint, five separate motions to dismiss were filed by various clusters of Defendants arguing generally that Plaintiff's claims should all be dismissed pursuant to Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Judge Hegarty's Recommendation found that all of the motions to dismiss should be granted and that Plaintiff's Amended Complaint should be dismissed as to all Defendants.  First, the Magistrate Judge found that Defendants Suthers, Brauchler, Chambers, Geigle and Morrissey could invoke Eleventh Amendment immunity to the extent they are sued in their official capacities.  *Kailey v. Ritter*, 500 F. App'x 766, 660 (10th Cir. 2012) ("[T]he Eleventh

amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state.") (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994)). Judge Hegarty thus recommended that all official-capacity claims against these defendants be dismissed, with the exception of one claim against Suthers regarding Plaintiff's constitutional challenge of Colo. Rev. Stat. § 38-38-101, et seq. as that claim sought prospective enforcement of Plaintiff's federal rights. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998). As to that claim, the Magistrate Judge recommended that it be dismissed on the grounds that Plaintiff lacked standing to challenge the statute, as he did not allege to have been criminally prosecuted under the statute, nor does Plaintiff allege that any of his properties were foreclosed upon by use of this statute.

The Magistrate Judge also found that District Attorneys Brauchler, Chambers, Geigle and Morrissey (collectively, the "D.A. Defendants")[1] could assert the defense of prosecutorial immunity to certain of Plaintiff's claims brought against them in their individual capacities, thus recommending that those claims be dismissed. However, the Magistrate Judge found that the D.A. Defendants could not assert prosecutorial immunity with respect to Plaintiff's claim that these Defendants had pressured attorney James Wilder to stop representing Plaintiff's clients in 2010 because this action would not occur in the normal course of their role as an advocate for the State. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Instead, the Magistrate Judge recommended that this claim be dismissed as against the D.A. Defendants on the grounds that it

---

[1] When recommending the dismissal of the D.A. Defendants, the Magistrate Judge appears to have listed Suthers' name twice and omitted Morrissey's name. (ECF No. 381 at 16.) The Court notes that this was in error and includes the claims against Morrissey as also being dismissed on the grounds listed by the Recommendation for the other D.A. Defendants.

5

would be barred by the statute of limitations. Judge Hegarty also recommended dismissal of certain claims against the D.A. Defendants on the grounds that they would imply the invalidity of his criminal conviction. *See Skinner v.* Switzer, 562 U.S. 521 (2011) (holding that *Brady* claims call into question the validity of a plaintiff's convictions and thus, pursuant to *Heck*, are outside the province of § 1983); *Heck v. Humphrey*, 512 U.S. 477, 478 (1994).

As to Plaintiff's claims against the Denver Sheriff Department and against the three "Sherriff Defendants" in their official capacities—Darr, Frank[2] and Mink—the Magistrate Judge found that claims against these Defendants failed, and recommended their dismissal, on the grounds that Plaintiff had not alleged any practice or conduct by these Defendants that could be construed as a municipal policy or custom. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)).

The Magistrate Judge also recommended that claims against the Sheriff Defendants and Detective Daniel Chun in their individual capacities should be dismissed based on their assertion of qualified immunity. Analyzing the first factor in the qualified immunity analysis—whether the defendant had violated a plaintiff's constitutional right—the Magistrate Judge determined that Plaintiff had not sufficiently alleged any Constitutional violations. Specifically, as to Plaintiff's First Amendment claim, the Magistrate Judge found the Amended Complaint failed to state sufficient allegations under Federal Rule of Civil Procedure 8 to support a claim for violations of the right to freedom of religion and right to assemble; that the Amended Complaint failed to state a claim for a violation of Plaintiff's right to free speech or expression; and that the Amended Complaint failed to state a claim for violation of Plaintiff's right to petition the

---

[2] Thomas Frank is named as Frank Thomas in the Amended Complaint, however, he does not dispute that he was properly served in this action.

government. The Magistrate Judge found that Plaintiff's Fourth Amendment claim—based on allegations that he was improperly incarcerated by the Sherriff Defendants—would be barred by *Heck*, 512 U.S. at 478, as an impermissible collateral attack on his conviction. As to Plaintiff's Fourteenth Amendment claims (and Fifth Amendment claims, which apply by application of the Fourteenth Amendment), the Magistrate Judge found this claim insufficient under Federal Rule of Civil Procedure 8 and also that it would be barred by *Heck*.

With respect to Plaintiff's challenge of "state statutes for prosecution" the "list" of which is "too long to list or explain," the Magistrate Judge recommended that this claim be dismissed on the grounds that it was not sufficiently pleaded under Federal Rule of Civil Procedure 8 because it fails to identify a single statute under which Plaintiff was prosecuted and thus fails to give Defendants proper notice.

Judge Hegarty recommended dismissing Plaintiff's FHA claim on the grounds that Plaintiff had not sufficiently alleged the elements of an action under that Act, specifically that he failed to allege that any Defendants' conduct was motivated by Plaintiff's or his clients' race or that any Defendants' conduct "constituted coercion, intimidation, a threat, or interference on account of" Plaintiff having "aided or encouraged others in exercising" a protected right. *Zhu v. Countrywide Realty Co., Inc.*, 165 F. Supp. 2d 1181, 1196 (D. Kan. 2001) (citations omitted).

The following Defendants were not served with the Amended Complaint: Raemisch, Bonner, Hoffman, Shockley, Uyamura, Gary Wilson, Diggins, Douglas Wilson, Porter-Merrill and Sarwak. Noting that Plaintiff had not been granted permission to proceed *in forma pauperis*, the Magistrate Judge found that Plaintiff was responsible for serving his amended pleading

pursuant to Federal Rule of Civil Procedure 4(m) and recommended dismissing these Defendants without prejudice.

Having dismissed all of Plaintiff's claims against all Defendants for the reasons described above, the Magistrate Judge further recommended that Plaintiff be denied leave to file a second amended complaint, reasoning that the Court had already granted Plaintiff leave to amend his complaint once, that Plaintiff appears to be familiar with the applicable legal concepts, has a firm grasp of the facts and issues in this case and mentions nothing in his opposition papers that would indicate that he may be able to cure the deficiencies in his current pleadings.

## II. STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting his review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. DISCUSSION

#### A. The Recommendation

The Court concludes that the Magistrate Judge's analysis was painstakingly thorough and sound, and that there is no clear error of law or abuse of discretion. The Court therefore adopts the Recommendation in full and incorporates its contents into this Order, with the following modifications described below.

First, the Court would modify the Recommendations' finding that Plaintiff's pleadings pass muster under Federal Rule of Civil Procedure 8 (ECF No. 381 at 12). While the Amended Complaint may be of sufficient specificity to be comprehensible, the Court is not prepared to find that this is sufficient to elude dismissal pursuant to Rule 8. Indeed, as described above, the Recommendation finds several of Plaintiff's claims inadequate under Rule 8 and recommends dismissal on that basis. (*See Id.* at 25, 32.)

Second, Defendants Morrissey, Chun, Geigle, Brauchler and Chambers titled their response to the Amended Complaint as a "Motion to Dismiss and for Sanctions," although their brief only appears to request attorney's fees and costs. (ECF No. 362 at 19.) While the Recommendation did not address these Defendants' motion for an award of fees and costs under

42 U.S.C. § 1988, the Court finds that this request should be denied, as these Defendants have failed to demonstrate that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" or "that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). In any event, this request is improperly put to the court and should have been brought as a separate motion. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.").

Finally, in addition to the numerous claims addressed by the Recommendation, Plaintiff peppered his Amended Complaint with numerous additional citations to various Constitutional provisions, legal doctrines and federal and state statutes that Plaintiff alleges have been violated but did not include as specific counts in his "Claims for Relief." (*See* ECF No. 342 at 41-46.) Because these claims were not included as specific counts against any specific Defendants, they are waived. In any event, these various additional claims are too vaguely alleged to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and the Court need not take the tremendous steps required to invent Plaintiff's claims for him, nor could it based on the facts alleged. To the extent that Plaintiff listed additional claims in the Amended Complaint that are not specifically addressed in this Order or the Recommendation, the Court finds that those claims lack merit and are dismissed.

### B. Plaintiff's Objections

Plaintiff filed objections to the Magistrate Judge's recommendation (ECF Nos. 382, 383) arguing that certain Defendants who did not receive service of the Amended Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff also objected to the

10

Magistrate Judge's characterization of his response to the various Defendants' motions to dismiss as a "responsive operative pleading" that was submitted in one brief, arguing that his opposition brief was merely a means to preserve his right to later move for summary judgment.

No Defendant filed objections to the Recommendation, although several responses were filed responding to Plaintiff's Objections. (ECF Nos. 389, 390, 391, 392.) In their responses, the Defendants generally argue that Plaintiff failed to specifically object to the Magistrate Judge's Recommendation that the individual claims against them be dismissed and, as such, the Court would only need to review the Recommendation as to their dismissal under a clear error standard as opposed to conducting a *de novo* review. These Defendants also argue that the Magistrate Judge's Recommendation correctly found that Plaintiff's claims should be dismissed as against them and provide further briefing in support thereof. The Court agrees that Plaintiff's objections do not address the Recommendation's dismissal of any Defendant with the degree of specificity required to warrant *de novo* review, and so the Court reviews the Recommendation only for clear error. However, regardless of the standard of review employed, the Court finds that Plaintiff's Objections lack merit and are overruled.

As to Plaintiff's first objection, the Magistrate Judge was correct in his assertion that there is nothing in the record of any of the following Defendants being served with Plaintiff's Amended Complaint: Raemisch, Bonner, Hoffman, Shockley, Uyamura, Gary Wilson, Diggins, Douglas Wilson, Porter-Merrill and Sarwak. (See ECF No. 2, at 2 n.1.) Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also*

Fed. R. Civ. P. 4(l) (requiring proof of service be shown to the court). The application of this rule is mechanical and does not account for the nuances contained in Plaintiff's Objections. Specifically, Plaintiff's argument that these Defendants have not proven that they were never served is without merit, as it is Plaintiff's obligation to provide proof of service. Fed. R. Civ. P. 4(l). Similarly, Plaintiff's argument that requiring each individual defendant be served would elevate form over substance ignores the plain language of the rules – each individual Defendant must be served with a summons and complaint unless service is waived. Fed. R. Civ. P. 4(e); *see also* Fed. R. Civ. P. 12(b)(4), 12(b)(5) (allowing a party to defend upon the grounds of insufficient process). This objection is overruled.

As to Plaintiff's second objection, the Court infers that Plaintiff is trying to say that his Amended Complaint, as well as the Response filed to the various motions to dismiss, should not be considered his dispositive pleadings, but rather that the summary judgment motion he ultimately intends to file in this case should be considered the ultimate dispositive pleading and his previous submissions were made merely to preserve his right to move for summary judgment. However, Plaintiff's assertion reveals a misunderstanding of the Federal Rules of Civil Procedure. While Plaintiff may fully intend to file future, purportedly more responsive pleadings, including a motion for summary judgment, these intentions are foreclosed by the fact that his claims are being fully adjudicated on the merits and dismissed by this Order. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994) ("A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect.") (citations omitted); *In re Johnson Elec. N. Amer., Inc.*, 979 F.2d 215, 1992 WL 276680, at *2 (Fed.Cir. Aug. 6, 1992) (dismissal for failure to state a claim "is on the

merits and is accorded res judicata effect"). Plaintiff may not inadequately and improperly plead his claims and resist dismissal because he has not yet had an opportunity to file for summary judgment. Pleading requirements are not mere weigh stations on the road to summary judgment. This objection is overruled.

### C. Plaintiff's Motion to Strike

On January 23, 2015, more than fourteen days following the issuance of the Magistrate Judge's Recommendation, Plaintiff filed a motion to strike the Recommendation primarily on the grounds that he did not have access to sufficient legal materials while he was incarcerated and also did not receive the papers filed by the various Defendants in a timely manner, thus making it difficult for him to respond adequately. (ECF No. 385.) This motion improperly seeks to sidestep the procedural process for objecting to a magistrate judge's recommendation, as Federal Rule of Civil Procedure 72(b) provides parties with the sole mechanism to object. Under Rule 72(b), Plaintiff had fourteen days from the filing of the Recommendation in which to file objections to that filing, and indeed Plaintiff did file objections to the Recommendation on January 14, 2015 and refiled those same objections in a separate document the next day. (ECF Nos. 382, 383.) Plaintiff's attempt to assert additional objections after the fourteen day time to respond had expired contravenes the limitations of Rule 72(b). Further, Rule 12(f) specifies that a court is only permitted to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added.) The term "pleading" is defined in that section, and does not include the type of document—the Recommendation—that Plaintiff seeks to have stricken pursuant to his motion. *Id.*

In any event, even if the Court were to entertain Plaintiff's motion, treating it as timely submitted objections, the Court would find that those objections are without merit. Plaintiff was given two extensions of time with which to reply to the various Defendants' motions to dismiss (ECF Nos. 368, 374) and did not file any motions for further extensions that were denied. Further, in the Minute Order granting Plaintiff's second motion for an extension of time, the Magistrate Judge noted that Plaintiff had recently filed an unsolicited 19-page "Notice of Adjudicative Facts," indicating that Plaintiff had not been prevented from completing legal work. (*See* ECF No. 374.) Thus, Plaintiff's motion to strike is denied.

    **D.**    **Plaintiff's Motion for *De Novo* Review**

On June 30, 2015, Plaintiff filed yet another motion with the Court regarding the Recommendation, this time asking that the Court to review the Recommendation under a *de novo* standard, strike the Recommendation and grant Plaintiff leave to file a second amended complaint. (ECF Nos. 411, 412.) Generally, Plaintiff argues that because the Defendants have continued to deny his Constitutionally protected rights, he has been unable to effectively litigate this case, and therefore should be granted *de novo* review of the Recommendation as well as an opportunity to file a new complaint. This motion, as with Plaintiff's motion to strike the Recommendation, improperly seeks to sidestep the procedural process for objecting to a magistrate judge's recommendation and is not timely.

Even assuming arguendo that Plaintiff's motion was properly made, Plaintiff's claim that Defendants are continuing to interfere with his ability to litigate his case is without merit. As described above regarding Plaintiff's motion to strike the Recommendation, Plaintiff has not been prohibited from performing legal work for this case. After being granted several extensions

following the dismissal of the Complaint, Plaintiff filed a 47 page Amended Complaint with the Court. After motions to dismiss were filed in response to the Amended Complaint, Plaintiff was given two extensions to file his opposition to those motions and further submitted an unsolicited 19-page "Notice of Adjudicative Facts." Following the Magistrate Judge's submission of the Recommendation, Plaintiff filed Objections, a motion to strike the Recommendation and the current motion for *de novo* review. Clearly, Plaintiff has had time to create a substantial wealth of legal work product which has been submitted to this Court for its review. Further, presently this matter has already been fully briefed and submitted to the Court. Plaintiff has no further legal work to do in order to litigate this case as of now and need only wait for this Court to issue its Order. The relief requested by Plaintiff also contradicts the Federal Rules of Civil Procedure. If Plaintiff wanted *de novo* review of any aspect of the Recommendation, he could have provided specific objections to each part of the Recommendation that he disagreed with. Fed. R. Civ. P. 72(b). Finally, Plaintiff's request to file an amended pleading is rejected for the Reasons stated in the Recommendation. (ECF No. 381 at 35-36.) Thus, Plaintiff's motion is denied.

**IV.   CONCLUSION**

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Objections (ECF Nos. 382, 383) are OVERRULED;

2. The Recommendation of United States Magistrate Judge Hegarty (ECF No. 381) is APPROVED and ADOPTED with the modifications described above;

3. Defendant Adams County Sheriff Douglas N. Darr's Motion to Dismiss (ECF No. 356), Defendants' Thomas Frank and Denver Sheriff Department's Motion to Dismiss (ECF No. 358), Jefferson County Sheriff Ted Mink's Motion to Dismiss (ECF No. 361), and

      Defendant John Suthers' Motion to Dismiss Plaintiff's First Verified Amended Complaint (ECF No. 363) are GRANTED;

4. Defendants Mitchell R. Morrissey, Dan Chun, Phillip Geigle, George Brauchler and Carol Chambers' Motion to Dismiss and for Sanctions (ECF No. 362) are GRANTED, in part, DENIED in part, to wit, all claims against these Defendants are DISMISSED and these Defendants' request for fees and costs is DENIED;

5. All claims against Defendants Raemisch, Bonner, Hoffman, Shockley, Uyamura, Gary Wilson, Diggins, Douglas Wilson, Diggins, Porter-Merrill and Sarwak are DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m);

6. "Plaintiff's Opposed [sic] Motion to Strike Recommendation of United States Magistrates Judge Pursuant to F. R. Civ. P. 12(e) (f) [and] (h)" (ECF No. 385) is DENIED;

7. "Plaintiff's Motion for *De Novo* Review of U.S. Magistrate Judge Recommendation by U.S. District Judge Pursuant [to:] 28 U.S.C. §636(b); Fed. R. Civ. P. Rule [sic] 9 and Fed. R. Civ. P. 72(b)(3)" (ECF Nos. 411, 412) is DENIED.

Plaintiff is DENIED leave to file a second amended complaint. The Clerk of the Court is directed to enter JUDGMENT in Defendants' favor.

DATED this 20th day of July, 2015.

                                      BY THE COURT:

                                      RAYMOND P. MOORE
                                      United States District Judge