**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02034-RM-MEH

ALFONSO A. CARRILLO,

    Plaintiffs,

v.

JOHN W. SUTTERS, Colorado Attorney General, in his official capacity as elected Colorado Attorney General,
RICK RAEMISCH, in his individual and official capacities,
BOBBY BONNER, in his individual and official capacities,
MITCHELL MORRISSEY, in his individual and official capacity as Second Judicial District Attorney,
MORRIS B. HOFFMAN, Judge, in his official and representative capacities,
PHIL GEIGLE, in his individual and representative capacities,
DARRYL SHOCKLEY, in his individual and representative capacities,
DANIEL CHUN, in his individual and representative capacity as Denver D.A. detective,
BRAD UYAMURA, in his individual and representative capacity as Denver D.A. detective,
FRANK THOMAS, Sheriff, in his individual and official capacities,
GARY WILSON, in his individual and official capacities,
ELIAS DIGGINS, in his individual and official capacities,
DENVER SHERIFF DEPARTMENT, in its official capacity,
DOUGLAS K. WILSON, in his individual and official capacities,
ELIZABETH PORTER-MERRILL, in her individual and official capacities,
NICHOLAS SARWAK, in his individual and official capacities,
DOUGLAS N. DARR, in his individual and official capacities,
CAROL CHAMBERS, in her individual and official capacities as 18th Judicial District Attorney,
GEORGE H. BRAUCHLER, in his individual and official capacities as 18th Judicial District Attorney,
TED MINK, in his individual and official capacities as elected Jefferson County Sheriff,

    Defendants.

**ORDER**

On July 20, 2015, this Court entered an order granting all of the Defendants' then-pending motions to dismiss. (ECF No. 421.) The Clerk of Court entered judgment in favor of all Defendants in this case on July 21, 2015. (ECF No. 422.) On August 24, 2015, Plaintiff filed a notice of appeal of this Court's order and the final judgment against him to the Tenth Circuit. (ECF No. 425.) On August 31, 2015, Plaintiff filed a "Certified Motion for New Trial and/or Reconsideration of the Order and Final Judgment Pursuant to Fed. R. Civ. P. Rule 50(a), (b); Rule 59(a), (b), (c) and (e)" (ECF No. 429, the "Motion for Reconsideration").

The Motion for Reconsideration must be dismissed as untimely filed. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although the Court notes that Fed. R. Civ. P. 50 would not apply in this case because that rule only applies to instances where a jury trial has taken place or is underway, the Court notes that Rule's accord with the provisions of Fed. R. Civ. P. 59 that motions filed pursuant to the latter rule be made not later than 28 days following the entry of judgment. Fed. R. Civ. P. 50(d). Here, Plaintiff filed his Motion for Reconsideration on August 31, 2015, more than one month after the Clerk of Court entered judgment against him on July 21, 2015. Plaintiff's motion is untimely and is therefore denied. Fed. R. Civ. P. 59(e).

The Court notes that, although the Motion for Reconsideration was technically filed on August 31, 2015, it appears to have been dated by Plaintiff as of August 18, 2015, which would be within the limitations period of Fed. R. Civ. P. 59(d). (ECF No. 429 at 20.) However, the date written on Plaintiff's motion is not sufficient to establish that this date would constitute the true filing date. Rather, Plaintiff must satisfy the "prison mailbox rule" endorsed by the Tenth Circuit in order to use August 18 as the effective filing date. *Price v. Philpot*, 420 F.3d 1158,

1163-65 (10th Cir. 2005). "The prison mailbox rule . . . holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Id.* at 1163-64. An inmate can obtain the benefit of the "prison mailbox rule" either by

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid . . . .

*Id.* at 1165. Plaintiff bears the burden of demonstrating that his filing was timely made. *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). Here, Plaintiff did not attach a certificate of service containing a notarized statement or declaration under penalty of perjury as to the date his motion was mailed. Nor did Plaintiff allege or show in any way that he made timely use of the prison's legal mail system. Thus, Plaintiff is not entitled to the benefit of the "prison mailbox rule" and his motion is therefore untimely filed.[1]

Even if this Court were to address Plaintiff's motion on its merits the motion would fail. Plaintiff has presented no new or sufficient legal basis that would convince this Court to reverse its decision to grant all of the Defendants' respective motions to dismiss. Both this Court and U.S. Magistrate Judge Hegarty have repeatedly addressed all of the arguments raised by Plaintiff and have repeatedly held that they lack merit. (*See* ECF Nos. 72, 160, 218, 324, 381, 421.)

---

[1] The Court notes that, in response to Plaintiff's concurrent appeal in this matter to the Tenth Circuit, the appellate court issued a *sua sponte* order to show cause why it should not dismiss Plaintiff's appeal for failure to file his notice of appeal within the time limits specified in the Federal Rules of Appellate Procedure, Rule 4(a)(1)(A). (ECF No. 428.) The Court acknowledges that Plaintiff has submitted an affidavit and supporting documents in response to the appellate court's order to show cause. (ECF Nos. 431, 432.) However, Plaintiff has filed nothing in regards to the present motion for new trial that would satisfy his burden of showing that the motion currently before this Court was timely filed.

Plaintiff has presented no new arguments that would cause the Court to change its decision, but instead has essentially repeated the arguments made in past motions arguing against dismissal of his claims. As before, those arguments are rejected by the Court.

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 429) is DENIED.

DATED this 6th day of October, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge